THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BRADLEY PHILLIPS, Defendant-Appellant.
First District (3rd Division)   No. 1—89—1513

Opinion filed March 26, 1993.

Rita A. Fry, Public Defender, of Chicago (Henry L. Hams, Assistant
Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Barbara Jones, and Brian Holmes, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Defendant, Bradley Phillips, was convicted of first degree murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1) and attempted armed robbery (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4, 18—2) in a jury trial and sentenced to an extended term of 60 years' imprisonment to run consecutively with a term of 15 years' imprisonment. On appeal, defendant contends that (1) the prosecutor committed reversible error when he misstated the law during closing arguments; (2) he received ineffective assistance of counsel; (3) the trial court erred when it failed to appoint counsel to argue his *pro se* post-trial motion alleging ineffective assistance of counsel; and (4) his sentence is excessive and should be vacated or reduced. We affirm the judgments of conviction of first degree murder and attempted armed robbery, and remand for resentencing.

The victim, Kenneth Hardy, was approached by defendant and Andre Collins near his home in Chicago, Illinois. Defendant demanded money from Hardy. Hardy resisted. Defendant then shot Hardy once in the chest at close range. Hardy died shortly thereafter. Defendant and Collins were subsequently arrested and charged with murder and armed robbery. Collins pled guilty to attempted armed robbery and agreed to testify against defendant at trial.

■ Defendant first contends that the prosecutor committed reversible error when he misstated the law during closing arguments. In his closing remarks to the jury, the prosecutor stated:

"As you sit there now, do you have any doubt whatsoever that one of those three individuals killed Kenneth Hardy? And second, this is the second thing we need to prove, that when [defendant] did so, *** he was attempting to commit the offense of armed robbery. Do you have any doubt? Forget this reasonable doubt stuff. Do you have any doubt?"

We find that the prosecutor's closing statements here do not lessen the State's burden of proving defendant guilty beyond a reasonable doubt or otherwise interfere with defendant's right to a fair and impartial trial. See *People v. Smith* (1991), 220 Ill. App. 3d 39, 47, 580 N.E.2d 891, 896.

■ Defendant next contends that he received ineffective assistance of counsel because defense counsel failed to object to certain

prejudicial hearsay statements allegedly made by defendant to Andre Collins. At trial, Collins testified that while he and defendant were in jail, defendant stated to him that "[Collins'] mother was going to rot in hell" for testifying against him and "that if he can't get me in the penitentiary, he was going to get my mama." Defendant argues that defense counsel's failure to object to Collins' irrelevant and highly prejudicial testimony renders his assistance of counsel ineffective. Contrary to defendant's assertions, however, the record here indicates that defense counsel strenuously objected to Collins' testimony, but that his objections were overruled by the trial court. Our further review of the record in its entirety reveals that defense counsel's representation of defendant here did not fall below the objective standard of competence enunciated in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.

Defendant next contends that the trial court erred when it failed to appoint counsel to argue his *pro se* post-trial motion alleging ineffective assistance of counsel. The trial court may summarily dismiss a *pro se* post-trial motion alleging ineffective assistance of counsel without appointing counsel if, after conducting a preliminary investigation of the factual matters underlying the motion, it determines that the allegations are spurious. (Ill. Rev. Stat. 1987, ch. 38, par. 116—1; *People v. Nitz* (1991), 143 Ill. 2d 82, 134-35, 572 N.E.2d 895, 919.) After reviewing the circumstances surrounding defendant's allegations of ineffective assistance of counsel, we cannot say that the trial court erred when it failed to appoint counsel to argue defendant's *pro se* post-trial motion.

Defendant finally contends that his sentence should be vacated or reduced because the factors justifying an extended-term sentence are not present here. The trial court may sentence a defendant to an extended term of up to 80 years' imprisonment where a murder is accompanied by, *inter alia,* exceptionally brutal or heinous behavior indicative of wanton cruelty. (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—8—2, 1005—5—3.2(b)(2).) Additionally, the trial court may impose consecutive sentences if the nature and circumstances of the offense and the history and character of a defendant require the imposition of consecutive sentences in order to protect the public from further criminal conduct. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4.) At the sentencing hearing, the trial court stated:

> "The Court is familiar with the facts giving rise to the jury's guilty verdict, the circumstances of the case and the matters which have been ably presented here both in aggravation and mitigation, the materials contained in the pre-sentence investi-

gation report, and the statutory factors both in aggravation and mitigation in regards to the general sentencing provisions of the Unified Code of Corrections.
\* \* \*

Mr. Hardy lost his life because he made [defendant] angry or mad, that he was gunned down with what the Court could well interpret as a willful and wanton act indicative of wanton cruelty, an execution.
\* \* \*

There was no evidence that [defendant] acted under any provocation, justification or that his conduct was induced or facilitated by someone other than himself. \* \* \* To deter [defendant], which the Court believes has willfully and wantonly taken the life of another human being under such circumstances indicative of wanton cruelty, it will be the judgment of this Court that insofar as the charge of murder is concerned, defendant shall be sentenced to the Illinois Department of Corrections for a determinant sentence of 60 years; and insofar as the charge of attempt armed robbery, the Court will impose a sentence of 15 years. It will further be the order of the Court \* \* \* that the sentences that are imposed this day shall run consecutively."

While we may agree with the trial court that defendant's action was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty warranting justification of an extended-term sentence, we are compelled by the supreme court's holding in *People v. Andrews* (1989), 132 Ill. 2d 451, 466-67, 548 N.E.2d 1025, 1031-32, to find that the trial court abused its discretion in sentencing defendant to an extended term.

Accordingly, the judgments of conviction of first degree murder and attempted armed robbery are affirmed and the case remanded for resentencing.

Affirmed in part; vacated in part and remanded.

TULLY, P.J., and CERDA, J., concur.